[No. 12853.  Department Two.  November 20, 1915.]

DENNY-RENTON CLAY & COAL COMPANY, *Respondent*, v.

J. W. JOHNSON *et al.*, *Appellants*.[1]

APPEAL—REVIEW—FINDINGS. Findings of the lower court will not be disturbed on appeal where there is no preponderance of the evidence against them.

CONTRACTS — WRITTEN CONTRACTS — ORAL AGREEMENT — MERGER. Where a written contract for the sale of brick fixed the price at $17.25 per thousand, any previous oral bargain for a less price is merged in the written contract.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 30, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Kerr & McCord*, for appellants.

*Ballinger, Battle, Hulbert & Shorts*, for respondent.

BAUSMAN, J.—This is an action to recover the price of brick furnished defendants Johnson and Eden. It was tried before the lower court with waiver of jury, and comes to us upon findings of fact and conclusions of law. Judgment was rendered in favor of the plaintiff.

The appellants have made numerous assignments of error, but in their brief have confined themselves to two points, and as we did not have the benefit of oral argument on behalf of appellants, no others appear to be raised.

[1]Reported in 152 Pac. 1017.

The respondent, Denny-Renton Clay & Coal Company, alleged in its complaint that, on the 20th of May, 1913, appellant Johnson entered into a contract with the county commissioners of King county for the construction of a highway; that, upon this contract, the appellant Aetna Company became surety; that on October 20, 1913, appellant Eden became a partner, in writing, with Johnson for the completion of·this contract, with the indorsed assent of the Aetna Company and with the approval of the county commissioners. It is alleged that, between the 1st of July and the 31st of December, 1913, respondent furnished these partners paving brick and sewer pipe of the reasonable and agreed value of $36,727.89, upon which nothing had been paid except $11,940.80.

The defense set up an oral agreement between Johnson and the respondent for a certain kind of brick at $15.25 per thousand, and that of this kind a partial delivery had been made. But the respondent, it was alleged, refused to furnish any more brick at that price, demanding that the rate be fixed at $17.25 per thousand. Then it is narrated that appellants, unable to get brick anywhere else, had been coerced into taking respondent's brick at the advanced price without further consideration. On account of this enforced increase, they claimed credit for an overcharge of $4,200. The answer finally alleged that appellants have been compelled to pay a premium of $421.25 upon a surety bond, which premium it had been respondent's bargain to assume.

Other grievances are set forth in the answer—extra expense on account of handling, loading, teaming, and stacking rejected brick; an increased quantity of cement necessary by reason of replacing cracked and warped brick; $110 on account of lumber made necessary in shipping brick. Damages for delay and for·increased cost in laying brick, by reason of intermittent and untimely deliveries, were also claimed.

All but the first two grievances have disappeared in the argument submitted by appellants, and, passing from the pleadings to the evidence, we are confronted by the findings of the lower court, these having been rendered against appellants on every one of the foregoing contentions. Examining the testimony under the findings, the decision of the lower court we find is amply sustained; and under frequent rulings of this court, we cannot disturb it where there is no preponderance of the evidence against it. The principal contention was against the increase of two dollars a thousand in the price of the brick. But on this point the testimony of the appellants is fully contradicted. The respondent's witnesses testified that there was never any agreement for brick at less than $17.25, and any oral bargain must be considered merged in the written contract which follows and which fixed the rate at $17.25 per thousand. This contract was entered into shortly after the furnishing of the brick began, and we do not find in the evidence anything to justify this court in concluding that it should be set aside upon the ground of coercion.

As for the appellant Eden, he entered into his partnership with Johnson after August 15, 1913, when Johnson's contract with respondent was signed, and no reasons are shown in the record why he should stand in a better position in respect to the burdens of this contract than Johnson himself.

The second point that is pressed upon us is the price of the surety bond. The lower court found that respondent had not agreed to make this payment. The testimony conflicts and, with no preponderance in favor of appellants, the trial court's finding in that respect cannot be disturbed.

There being no error in the record, the judgment is affirmed.

Morris, C. J., Main, Parker, and Holcomb, JJ., concur.